UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:20-cv-21984-GAYLES/OTAZO-REYES

**AARON SILBERMAN, an individual,**
**and AMJ MISIL AB LLC, a Florida**
**Limited Liability Company**,

    Plaintiffs,

v.

**PREMIER BEAUTY AND HEALTH**
**LLC, a Florida Limited Liability Company,**
**JORGE HANE, an individual, and**
**FLORENICA HANE, an individual,**
**jointly and severally**,

    Defendants.
_____/

## **ORDER**

**THIS CAUSE** comes before the Court on Defendants', Premier Beauty and Health LLC, Jorge Hane, and Florencia Hane, Motion to Strike Certain Allegations from Amended Complaint (the "Motion") [ECF No. 48]. The Court has considered the Motion and the record and is otherwise fully advised. For the reasons that follow, the Motion is denied.

## **BACKGROUND**

This action stems from a securities dispute between Plaintiffs Aaron Silberman and AMJ Misil AB LLC and Defendants over funds that Plaintiff AMJ Misil AB LLC invested in Defendant Premier Beauty and Health LLC. Defendants move to strike paragraphs 17, 18, and 44(c) from Plaintiffs' Amended Complaint, [ECF No. 34], pursuant to Federal Rule of Civil Procedure 12(f). Those paragraphs include allegations of: (1) at least one bankruptcy in which Defendant Jorge

Hanes was a defendant; (2) Defendants' failure to disclose the bankruptcy and Defendants Jorge and Florencia Hanes's alleged history of engaging in false and misleading trade practices; and (3) various alleged false statements made by Defendant Florencia Hanes while marketing the Green MD Products. [ECF No. 34 at 4–5 ¶ 17; 5 ¶ 18; 19 ¶ 44(c)].

## LEGAL STANDARD

Rule 12(f) states in pertinent part a court "may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "[A] court has broad discretion when considering a motion to strike . . . ." *Hartford Fire Ins. Co. v. N.Y. Mart Grp., Inc.*, 391 F. Supp. 3d 1175, 1176 (S.D. Fla. 2019) (quoting *Tsavaris v. Pfizer, Inc.*, 310 F.R.D. 678, 680 (S.D. Fla. 2015)). However, striking a pleading is considered a drastic remedy that is disfavored and granted sparingly. *Lighter v. AIG Prop. Cas. Co.*, No. 16-CIV-60898, 2016 WL 3671869, at *2 (S.D. Fla. July 11, 2016). *See also Hartford Fire Ins. Co.*, 391 F. Supp. 3d at 1176 ("[S]triking . . . a pleading is a drastic remedy generally disfavored by courts." (quoting *Tsavaris*, 310 F.R.D. at 680)). Motions to strike are therefore generally denied unless the factual pleading "(1) has no possible relation to the controversy, (2) may cause prejudice to one of the parties, or (3) fails to satisfy the general pleading requirements of Rule 8 of the Federal Rules of Civil Procedure." *Hartford Fire Ins. Co.*, 391 F. Supp. 3d at 1176 (quoting *Tsavaris*, 310 F.R.D. at 680).

## DISCUSSION

Defendants argue that paragraphs 17, 18, and 44(c) are impertinent because they bear no value to the litigation and scandalous because they serve to embarrass Defendants Jorge Hane and Florencia Hane. *See* [ECF No. 48 at 5]. The Court disagrees.

First, the Court does not find that the allegations in paragraphs 17, 18, and 44(c) are impertinent. "[E]ven if certain allegations in the complaint are not actionable standing alone, they

should remain in the complaint because they 'can be used as factual evidence going toward other claims that are cognizable.'" *In re Se. Banking Corp. Sec. & Loan Loss Rsrvs. Litig.*, 147 F. Supp. 2d 1348, 1355 (S.D. Fla. 2001) (quoting *Dickinson v. McCarty*, No. 93-CIV-8210, 1994 WL 706979, at *6 (S.D. Fla. Aug. 2, 1994)). The Court finds that Defendants' Motion is not the proper avenue to address the merits of paragraphs 17, 18, and 44(c). Rather, "[i]t would appear that [Defendants have] put the proverbial cart before the horse. To the extent that [Defendants have] meritorious defenses to assert, [their] Motion to Strike is not the proper avenue to attempt to do so." *Lighter*, 2016 WL 3671869, at *2. *See also Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893 (2d Cir. 1976) ("[O]rdinarily neither a district court nor an appellate court should decide to strike a portion of the complaint on the grounds that the material could not possibly be relevant on the sterile field of the pleadings alone.").

Second, the Court does not find that the allegations in paragraphs 17, 18, and 44(c) are scandalous. For a factual allegation to be scandalous, "it must be obviously false and unrelated to the subject matter of the action. The facts may be unpleasant . . . to have on the record . . . but the same is true of many facts of life which are entitled to be pleaded as relevant to a cause of action . . . ." *Cohen v. Storch*, No. 15-CIV-62726, 2016 WL 7469984, at *2 (S.D. Fla. Feb. 26, 2016) (quoting *S.D. v. St. Johns Cnty. Sch. Dist.*, No. 2:09-CIV-250-J-20TEM, 2009 WL 1941482, at *4 (M.D. Fla. July 7, 2009)). Here, Defendants have not shown that the allegations include "repulsive language that detracts from the dignity of the court" or that they cast a "cruelly derogatory light" on Defendants Jorge Hane and Florencia Hane. *Cohen*, 2016 WL 7469984, at *2 (quoting *Badilo v. City of Deerfield Beach*, No. 13-CIV-60057, 2013 WL 3762338, at *1 (S.D. Fla. July 16, 2013)).

3

**CONCLUSION**

Accordingly, it is **ORDERED AND ADJUDGED** that Defendants', Premier Beauty and Health LLC, Jorge Hane, and Florencia Hane, Motion to Strike Certain Allegations from Amended Complaint, [ECF No. 48], is **DENIED**.

**DONE AND ORDERED** in Chambers in Miami, Florida, this 15th day of September, 2021.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE