UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 20-cv-21984-DPG

AARON SILBERMAN, an individual, and )
AMJ MISIL AB LLC, a Florida limited liability )
company, )
)
    Plaintiffs, )
                   vs. )
PREMIER BEAUTY AND HEALTH LLC, a )
Florida limited liability company, JORGE HANE, )
an individual, and FLORENCIA HANE, an )
individual, jointly and severally, )
)
    Defendants, )
_____/

PREMIER BEAUTY AND HEALTH LLC, a )
Florida limited liability company, )
)
    Counter-Plaintiff, )
)
                   vs. )
AARON SILBERMAN, an individual, )
)
    Counter-Defendant. )
_____/

**PLAINTIFFS' MOTION TO DISQUALIFY THE HONORABLE MAGISTRATE JUDGE LAUREN F. LOUIS**

Plaintiffs, AMJ Misil AB LLC ("AMJ") and Aaron Silberman ("Silberman"), by and through their undersigned counsel and pursuant to 28 U.S.C. § 455(a) and 28 U.S.C. § 455(b)(1), hereby file this Motion to Disqualify The Honorable Magistrate Judge Lauren F. Louis, and in support thereof, state as follows:

### I. FACTUAL BACKGROUND

1. On March 11, 2024, the parties appeared before United States District Court Magistrate Judge, The Honorable Lauren F. Louis ("Magistrate Judge Louis") for a settlement conference ("Settlement Conference").

2. Undersigned counsel, Anthony Hevia, Esq., appeared at the Settlement Conference on behalf of Plaintiffs and Counter-Defendant Silberman, along with the Plaintiffs.

3. Richard Wolfe, Esq. ("Attorney Wolfe") and Felipe Rubio, Esq. ("Attorney Rubio"), appeared at the Settlement Conference on behalf of the Defendants, along with the Defendants. Attorney Wolfe is counsel of record for the Defendants. Attorney Rubio is counsel of record for Defendant Florencia Hane.

4. Alejandro O. Soto, Esq. a/k/a Alex Soto ("Attorney Soto"), who is neither counsel of record for Defendants nor an expert in this case, nor a member of either Attorney Wolfe or Attorney Rubio's respective firms, also appeared at the Settlement Conference along with the Defendants.[1]

5. After the parties had reached an impasse at the Settlement Conference, Attorney Hevia and the Plaintiffs entered the courtroom to listen to Attorney Soto give an "opening statement". Attorney Soto gave an "opening statement" in the courtroom while Attorney Wolfe, Defendants' actual counsel of record, sat at counsel's table silently, and while Magistrate Judge Louis sat in the jury box. Attorney Rubio and the Defendants were not in the courtroom when Attorney Soto gave his "opening statement". There are numerous other facts regarding what

---

[1] CM/ECF D.E. 459 states as follows: "PAPERLESS Minute Entry for proceedings held before Magistrate Judge Lauren Fleischer Louis: Settlement Conference held on 3/11/2024. Impasse reached. Total time in court: 3 hour(s) : 30 minutes. Attorney Appearance(s): Anthony Carlos Hevia, along with his clients (Aaron and Sophia Silberman), appeared at this conference. Richard Charles Wolfe, Felipe Rubio, along with their clients (Jorge and Florencia Hane), appeared at this conference. **Alex Soto also appeared with Defendants**. (aw)" (emphasis added).

took place at the Settlement Conference that are material to this motion. Those material facts are set forth in affidavits in support of this motion, and relate to the extent of Magistrate Judge Louis' colleagueship with Attorney Soto, the manner in which Magistrate Louis conducted the Settlement Conference, certain statements made by Magistrate Judge Louis to Plaintiffs and Attorney Hevia at the Settlement Conference, and certain statements made by Attorney Soto in his "opening statement". However, in light of Magistrate Judge Louis's Settlement Conference Order decreeing that all representations and statements made at the Settlement Conference remain confidential (see ECF No. 457 at ¶ 6), Plaintiffs cannot file the aforementioned affidavits (unless they are filed under seal) or set forth those material facts in this motion. In order to avoid running afoul of Magistrate Judge Louis's Settlement Conference Order, Plaintiffs will file a motion to file the affidavits in support of this motion under seal pursuant to Local Rule 5.4(b)(1).

6. On March 13, 2024, two (2) days after the Settlement Conference, Defendants filed additional proposed jury instructions based on "Defendants' Defense of Exemption". *See* ECF No. 461. Aside from being untimely, Defendants' additional proposed jury instructions completely and curiously dismiss Magistrate Judge Louis's January 26, 2024 Order on Plaintiffs' motion in limine, wherein Magistrate Judge Louis decrees that "…Defendants shall not advance evidence or argument to support an unpled affirmative defense that the investment, if it was a security, was exempt from registration." *See* ECF No. 402 at pg. 8.

7. Magistrate Judge Louis is scheduled to preside over the jury selection process at trial on April 9, 2024.

## II.     LEGAL STANDARD

### A. Disqualification under 28 U.S.C. § 455(a)

In *Guo v. Rosen*, 21-13823, 2023 WL 2125959 (11th Cir. 2023), the Eleventh Circuit stated as follows:

"Recusal is governed by two federal statutes, 28 U.S.C. §§ 144 and 455…[u]nder § 455(a), a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." *Id*. § 455(a). The test under § 455(a) is "whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." *Parker v. Connors Steel Co.*, 855 F.2d 1510, 1524 (11th Cir. 1988). Under § 455(a), "a judge has a self-enforcing obligation to recuse himself where the proper legal grounds exist." *Murray v. Scott*, 253 F.3d 1308, 1310 (11th Cir. 2001) (quotation marks omitted). Generally, bias sufficient to disqualify a judge must stem from extrajudicial sources. *Hamm v. Members of Bd. of Regents*, 708 F.2d 647, 651 (11th Cir. 1983). However, an exception exists where a judge's remarks in a judicial context demonstrate pervasive bias and prejudice against a party. *Id*.

As it relates to the application of the concept of extrajudicial sources to the federal recusal statutes, the United States Supreme Court held as follows in *Liteky v. United States*, 510 U.S. 540, 553-555 (1994):

"Similarly, § 455(b)(1), which addresses the matter of personal bias and prejudice specifically, contains the "extrajudicial source" limitation—and that limitation (since nothing in the text contradicts it) should govern for purposes of § 455(a) as well**…[f]or all these reasons, we think that the "extrajudicial source" doctrine, as we have described it, applies to § 455(a). As we have described it, however, there is not much doctrine to the doctrine. The fact that an opinion held by a judge derives from a source outside judicial proceedings is not a necessary condition for "bias or prejudice" recusal, since predispositions developed during the course of a trial will sometimes (albeit rarely) suffice. Nor is it a sufficient condition for "bias or prejudice" recusal, since some opinions acquired outside the context of judicial proceedings (for example, the judge's view of the law acquired in scholarly reading) will not suffice. Since neither the presence of an extrajudicial source necessarily establishes bias, nor the absence of an extrajudicial source necessarily precludes bias, it would be better to speak of the existence of a significant (and often determinative) "extrajudicial source" factor, than of an "extrajudicial source" doctrine, in recusal jurisprudence**." (emphasis added)

In other words, "…the presence of an extrajudicial source is merely a thumb on the scale in favor of finding either an appearance of partiality under § 455(a) or bias or prejudice under § 455(b)(1). *See Liteky*, 510 U.S. at 554–56, 114 S.Ct. 1147." *Bell v. Johnson*, 404 F.3d 997, 1005 (6th Cir. 2005).

In that regard, In *In re Evergreen Sec., Ltd.*, 570 F.3d 1257, 1263 (11th Cir. 2009), the

Eleventh Circuit states as follows with respect to a judge's disqualification under 28 U.S.C. § 455(a):

> A party may file a Recusal Motion when a Judge's impartiality may reasonably be questioned. See 28 U.S.C. § 455(a) ("Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."). **"The inquiry of whether a judge's impartiality might reasonably be questioned under § 455(a) is an objective standard**[2] designed to promote the public's confidence in the impartiality and integrity of the judicial process." *Davis v. Jones*, 506 F.3d 1325, 1332 n. 12 (11th Cir.2007) (internal citations omitted). Thus, the court looks to "the perspective of a reasonable observer who is informed of all the surrounding facts and circumstances.'" *Cheney v. U.S. Dist. Court for Dist. of Columbia*, 541 U.S. 913, 924, 124 S.Ct. 1391, 158 L.Ed.2d 225 (2004) (quoting *Microsoft Corp. v. United States*, 530 U.S. 1301, 1302, 121 S.Ct. 25, 147 L.Ed.2d 1048 (2000)); *see also Glass v. Pfeffer*, 849 F.2d 1261, 1267 (10th Cir.1988) ("…the test is whether 'a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality.'" (quoting *Hinman v. Rogers*, 831 F.2d 937, 938 (10th Cir.1987))). (emphasis added)

It should be noted that the application of the foregoing legal standard to the facts set forth by Plaintiffs in support of this motion should be preceded by a recognition that "…cases within § 455(a) are extremely fact driven 'and must be judged on their unique facts and circumstances more than by comparison to situations considered in prior jurisprudence.'" *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995) (quoting *United States v. Jordan*, 49 F.3d 152, 157 (5th Cir. 1995)).

### B. Disqualification under 28 U.S.C. § 455(b)(1)

"Recusal under § 455(b)(1) is mandated whenever a federal judge 'has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding.' Thus, § 455(b)(1) duplicates the grounds for recusal set forth in § 144, but it makes

---

[2] *See also United States v. Wells,* 873 F.3d 1241, 1251 (10th Cir. 2017)("In other words, a judge's subjective state of mind is irrelevant; what matters is whether "the public might reasonably believe that [the judge] knew" of "facts creating an appearance of impropriety."… "[i]n conducting this review, we must ask how these facts would appear to a well-informed, thoughtful and objective observer," who is "an average member of the public," not a "hypersensitive, cynical, and suspicious person.")(citations omitted).

the grounds applicable to all federal judges and places the obligation to identify the existence of those grounds upon the judge herself. *See Liteky*, 510 U.S. at 548. Furthermore, similar to § 144, the standard for recusal under § 455(b)(1) "is whether an objective, fully informed lay observer would entertain significant doubt about the judge's impartiality." *Christo v. Padgett*, 223 F.3d 1324, 1333 (11th Cir.2000) (citation omitted)." *United States v. Catalano*, 8:04-CR-348-T-24 TGW, 2010 WL 3394714 (M.D. Fla. Aug. 26, 2010).

"While Subsection 455(a) addresses the appearance of impropriety, Subsection 455(b) 'addresses the problem of actual bias by mandating recusal in certain specific circumstances where partiality is presumed,' " including personal bias or prejudice towards a party to the litigation. *Hoffenberg v. United States*, 333 F. Supp. 2d 166, 172 (S.D.N.Y. 2004) (quoting *United States v. Bayless*, 201 F.3d 116, 126 (2d Cir. 2000)); 28 U.S.C. § 455(b)(1).

### III.    LEGAL ARGUMENT

**A.    The extent of Magistrate Judge Louis' colleagueship with Attorney Soto, the manner in which Magistrate Louis conducted the Settlement Conference, certain statements made by Magistrate Judge Louis at the Settlement Conference, and certain statements made by Attorney Soto in his "opening statement" warrant Magistrate Judge Louis's disqualification from this action under 28 U.S.C. § 455(a) and 28. U.S.C. § 455(b)(1)**

Plaintiffs respectfully submit to this Honorable Court that the unique facts[3] supporting this motion, which are set forth in paragraphs 1 through 6 in Section I. (Factual Background) herein: a) would cause an objective, disinterested, lay observer to entertain significant doubts about Magistrate Judge Louis' impartiality in this action. *See Guo*; *In re Evergreen Sec; Nichols;* and b) have caused Plaintiffs to believe that Magistrate Judge Louis is actually biased against them.

---

[3] As previously noted, there are numerous facts regarding what took place at the Settlement Conference that are material to this motion that are set forth in affidavits in support of this motion. In light of Magistrate Judge Louis's Settlement Conference Order decreeing that all representations and statements made at the Settlement Conference remain confidential (see ECF No. 457 at ¶ 6), Plaintiffs shall file a motion to file the affidavits in support of this motion under seal pursuant to Local Rule 5.4(b)(1).

Plaintiffs respectfully submit to this Honorable Court that an objective observer who is an average member of the public would believe that the facts set forth herein and the additional facts set forth in the affidavits in support of this motion, which Plaintiffs seek to file under seal, create an appearance of impropriety[4] that warrant Magistrate Judge Louis's disqualification from this action. *See Guo; In re Evergreen Sec; Nichols; Wells*. Accordingly, Plaintiffs respectfully request that Magistrate Judge Louis be disqualified from this action pursuant to 28 U.S.C. § 455(a) and be precluded from presiding over any further proceedings in same.

Plaintiffs also respectfully submit to this Honorable Court that Magistrate Judge Louis is actually biased against them and that the facts set forth herein and the additional facts set forth in the affidavits in support of this motion, which Plaintiffs seek to file under seal, demonstrate Magistrate Judge Louis's actual bias, which warrants Magistrate Judge Louis's disqualification from this action. *See Christo; Catalano; Hoffenberg*. Accordingly, Plaintiffs respectfully request that Magistrate Judge Louis be disqualified from this action pursuant to 28 U.S.C. § 455(b)(1) and be precluded from presiding over any further proceedings in same.

WHEREFORE, Plaintiffs, AMJ Misil AB LLC and Aaron Silberman, respectfully request that this Honorable Court grant their instant motion and the relief requested herein, along with such other and further relief as this Honorable Court deems just, equitable, and proper.

Respectfully submitted,

| IAG LAW, PLLC | HEVIA LAW FIRM |
|---|---|

---

[4] Whether or not Magistrate Judge Louis is actually biased against Plaintiff is irrelevant under 28 U.S.C. § 455(a). The relevant question is whether there is an appearance of bias. *See Liteky v. United States*, 510 U.S. 540 (1994); *White v. Nat'l Football League*, 585 F.3d 1129 (8th Cir. 2009); *see also United States v. Pulido*, 566 F.3d 52 (1st Cir. 2009) ("The statute 'forbids not only the reality of partiality but its objective appearance as well.' *United States v. Snyder*, 235 F.3d 42, 45 (1st Cir.2000) (quoting *Liteky v. United States*, 510 U.S. 540, 548, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994)).").

| | |
|---|---|
| 320 Seven Springs Way<br>Suite 250<br>Brentwood, Tennessee 37027<br>Telephone: 629-895-3324<br><br>/s/ I. Albert Gonzalez<br>I. Albert Gonzalez, Esq.<br>FBN: 695971<br>Email: iag@iaglawpllc.com | Of Counsel to IAG LAW, PLLC<br>2525 Ponce De Leon Blvd.<br>Suite 300<br>Coral Gables, Florida 33134<br>Telephone: 786-441-5120<br><br>/s/ Anthony C. Hevia<br>Anthony C. Hevia, Esq.<br>FBN: 41148<br>Email: anthony@hevialawfirm.com<br>Email: susy@hevialawfirm.com<br><br>/s/ Courtney A. Salas<br> Courtney A. Salas, Esq.<br>FBN: 1010412<br>Email: courtney@hevialawfirm.com<br>Email: susy@hevialawfirm.com |

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing document with the Clerk of the Court using CM/ECF on March 20, 2024. I also certify that the foregoing document is being served this 20th day of March, 2024, on all counsel of record on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ Anthony C. Hevia
Anthony C. Hevia, Esq.

## SERVICE LIST

*Aaron Silberman, et al. v. Premier Beauty and Health LLC. et al.*
CASE NO. 20-CV-21984-DPG

| Richard C. Wolfe, Esq.<br>Florida Bar No. 355607<br>Wolfe Law Miami, P.A.,<br>175 SW 7th Street, Suite 2410<br>Miami, Florida 33130<br>Telephone: 305.384.7370<br>Email: rwolfe@wolfelawmiami.com<br><br>*Attorney for Defendants* | Felipe Rubio, Esq.<br>Florida Bar No. 123059<br>Rubio & Associates<br>8950 SW 74 Ct, Suite 1804<br>Miami, FL 33156-3177<br>Telephone: 786.220.2061<br>Email: frubio@rubiolawyers.com<br><br>*Attorney for Defendant Florencia Hane* |
|---|---|