UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 20-cv-21984-GAYLES/LOUIS

**AARON SILBERMAN, et al.,**

    Plaintiffs,

v.

**PREMIER BEAUTY AND HEALTH LLC, et al.,**

    Defendants.
_____/

## **ORDER**

**THIS CAUSE** comes before the Court on the Report and Recommendation of Magistrate Judge Lauren F. Louis (the "Report"). [ECF No. 617]. On May 30, 2024, Defendants filed their Motion to Tax Costs Pursuant to 28 U.S.C. § 1920 and for an Award of Entitlement to Attorneys' Fees Pursuant to 15 U.S.C. § 78(U-4), F.S. 517.211 and Pursuant to Contract (the "Defendants' Motion"). [ECF No. 536]. On August 12, 2024, Plaintiffs filed their Motion to Tax Costs (the "Plaintiffs' Motion"). [ECF No. 555]. On October 25, 2024, both Motions were referred to Judge Louis for a Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B). [ECF No. 582]. On February 11, 2025, Judge Louis issued her Report recommending that Defendants' Motion be denied and that Plaintiffs' Motion be granted in part. [ECF No. 617]. Plaintiffs timely objected to the Report (the "Objections"). [ECF No. 621]. Defendants did not object to the Report.

A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). The objected portions of the report and recommendation are accorded *de novo* review if those objections "pinpoint the specific findings that the party

disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see also* Fed. R. Civ. P. 72(b)(3). Any portions of the report and recommendation to which *no* specific objection is made are reviewed only for clear error. *Liberty Am. Ins. Grp., Inc. v. WestPoint Underwriters, L.L.C.*, 199 F. Supp. 2d 1271, 1276 (M.D. Fla. 2001); *accord Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). Based on Plaintiffs' objections, the Court has conducted a *de novo* review of the Report.

Plaintiffs first object to the Report's finding that one of Plaintiffs' requests for deposition transcript fees should be denied. [ECF No. 621 at 2–6]. The Report recommended that one of Plaintiffs' deposition transcript fee requests be denied because the transcript invoice did not include the deposed witness' name. [ECF No. 617 at 10]. Transcript costs are taxable when the deposition was "necessarily obtained for use in the case." *EEOC v. W&O, Inc.*, 213 F.3d 600, 620–21 (11th Cir. 2000). Without the witness' name, the magistrate judge could not confirm that the specific transcript met that requirement. [ECF No. 617 at 10]. In their Objections, Plaintiffs state that although the invoice does not include the witness' name, it does include the deposition's date and time which corresponds to an identifiable witness from deposition transcripts on the docket. [ECF Nos. 317–15 at 1–47, 555-3, 621 at 6–7]. Furthermore, Plaintiffs state that the witness' transcript was used in support of Plaintiffs' Amended Statement of Material Facts. [ECF No. 317-15]. The Court agrees with Plaintiffs. The invoice, coupled with the deposition testimony, provides sufficient evidence that the transcript was "necessarily obtained for use in the case." *W&O, Inc.*, 213 F.3d at 620–21. Therefore, Plaintiffs shall be awarded $1,097.50 in additional costs for the deposition.

Plaintiffs also object to the Report's finding that Plaintiffs could only recover the cost of expert witness attendance at trial and not the overall witness fees. [ECF No.621 at 2–6]. Relying

2

on *Kivi v. Nationwide Mut. Ins. Co.*, 695 F.2d 1285, 1289 (11th Cir. 1983), the Report found that because Plaintiffs' claims were based on *diversity jurisdiction*, Plaintiffs' expert witness fees could not be assessed more than the witness fees provided in 28 U.S.C. § 1821.[1] [ECF No. 617 at 14]. In their Objections, Plaintiffs correctly point out that their action was based upon federal question and supplemental jurisdiction, not diversity jurisdiction. [ECF Nos. 34 at 2, ¶¶ 3–4; 98 at 6–9; 621 at 2–6]. Plaintiffs argue that the Court should grant their requested expert witness fees as the Report's jurisdictional analysis was erroneous and that *Kivi*'s holding does not apply in every federal case. [ECF No. 621 at 2–6].

The Court agrees with Plaintiffs that this action was based on federal question and supplemental jurisdiction. However, here, that is a distinction without a difference. The Eleventh Circuit held that "the entitlement to expert witness fees under . . . Florida Statutes is not a substantive right." *See Kivi,* 695 F.2d at 1289. It did not limit its holding to cases brought under diversity jurisdiction. *Id.* When issues in federal cases are not substantive, federal, not state, procedure controls. *Palm Beach Golf Ctr.-Boca, Inc. v. John G. Sarris, D.D.S., P.A.*, 781 F.3d 1245 (11th Cir. 2015) ("[W]hen federal courts are sitting in diversity or pendent jurisdiction only substantive state law must be applied, while federal law governs matters of procedure.") (internal quotation and citation removed). As a result, the Court's finding hinges on federal law. Here, § 1821 limits Plaintiffs' entitlement to expert witness costs to the cost of their attendance.

Furthermore, *Sabal*, the case relied upon by Plaintiffs, is an eminent domain action. [ECF No. 621 at 2–6]. In eminent domain actions, state law applies to the determination of expert witness fees because they are "necessary and compensable as part of the measure of just compensation . . . and . . . therefore . . . a substantive right of the landowners." *Sabal Trail Transmission, LLC, v.*

---

[1] Section 1821(b) limits expert witness fees to the cost of attendance ($40 per day).

*18.27 Acres of Land in Levy County*, 538 F. Supp. at 3d 1243, 1273 (N.D. Fla. 2021) (cleaned up). Eminent domain actions are subject to Fed. R. Civ. P. 71.1 which excludes such actions from the normal award of costs under Fed. R. Civ. P. 54(d). *See* Fed. R. Civ. P. 71.1. In the instant case, the costs were awarded to Plaintiffs under Fed. R. Civ. P. 54(d). [ECF No. 617 at 3–5]. Thus, Plaintiffs shall be awarded $80.00 for expert witness fees, which represents the cost of their expert's attendance at trial.

## CONCLUSION

After careful consideration, it is **ORDERED AND ADJUDGED** as follows:

(1)  Subject to the findings above, Magistrate Judge Louis's Report and Recommendation, [ECF No. 617], is **ADOPTED in full**;

(2)  The Defendants' Motion [ECF No. 536] is **DENIED**;

(3)  The Plaintiffs' Motion [ECF No. 555] is **GRANTED in part**, consistent with this Order.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 30th day of March, 2025.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE