UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 20-cv-21984-DPG

AARON SILBERMAN, an individual, and )
AMJ MISIL AB LLC, a Florida limited liability )
company, )
)
      Plaintiffs, )
                    vs. )
PREMIER BEAUTY AND HEALTH LLC, a )
Florida limited liability company, JORGE HANE, )
an individual, and FLORENCIA HANE, an )
individual, jointly and severally, )
)
      Defendants, )
_____/

PREMIER BEAUTY AND HEALTH LLC, a )
Florida limited liability company, )
)
      Counter-Plaintiff, )
)
                    vs. )
AARON SILBERMAN, an individual, )
)
)
      Counter-Defendant. )
_____/

**PLAINTIFF/JUDGMENT CREDITOR'S EXPEDITED MOTION FOR ORDER TO SHOW CAUSE AS TO WHY DEFENDANTS, PREMIER BEAUTY AND HEALTH LLC AND JORGE HANE, SHOULD NOT BE HELD IN CONTEMPT OF COURT FOR FAILING TO COMPLY WITH COURT'S ORDER COMPELLING PRODUCTION OF FEE DISCOVERY (ECF NO. 639)**

Plaintiff/Judgment Creditor, AMJ Misil AB LLC ("AMJ"), by and through its undersigned counsel, hereby files Plaintiff/Judgment Creditor's Expedited Motion for Order to Show Cause Why Defendants, Premier Beauty and Health LLC ("Premier") and Jorge Hane, Should Not Be

Held in Contempt of Court for Failing to Comply with Court's Order Compelling Production of Fee Discovery (ECF No. 639), and in support thereof, states as follows:

1. On June 4, 2025, this Honorable Court entered the following order on Plaintiff's motion to compel answers, without objections, to post-judgment discovery requests regarding fees ("Order Compelling Fee Discovery") (ECF No. 639), which states as follows:

> **"PAPERLESS ORDER granting Plaintiff's [622] Motion to Compel Answers, Without Objections, To Post-Judgment Discovery Requests. Plaintiff's Motion represents that Defendants Premier Beauty and Health LLC, Jorge Hane, and Florencia Hane were served with post-judgment discovery requests and that Defendants have entirely failed to respond. Defendants have not filed a response in opposition and the time to do so has lapsed. As such, Plaintiff's representations are unrefuted. Accordingly, and because they failed to respond within the time afforded by Federal Rule of Civil Procedure 34, Defendants SHALL, within 14 days of this Order, serve responses and responsive documents to Plaintiff's requests WITHOUT asserting any objections. This does not preclude Defendants' proper assertion of privilege to any request, if applicable."**

2. In *Lego A/S v. Best-Lock Constr. Toys, Inc.*, No. CV 22-20582-MC, 2023 WL 6909255 at *2 (S.D. Fla. Oct. 19, 2023), this Honorable Court stated as follows:

> "'Courts have the inherent power to enforce compliance with their orders through civil contempt.' *U.S. Commodity Futures Trading Comm'n v. Escobio*, 946 F.3d 1242, 1255 (11th Cir. 2020) (citing *Shillitani v. United States*, 384 U.S. 364, 370, 86 S. Ct. 1531, 16 L. Ed. 2d 622 (1966)). To establish civil contempt, the Lego-Group must show, by clear and convincing evidence, that (1) the order at issue was valid and lawful, (2) the order was 'clear and unambiguous,' and (3) the alleged violator had the ability to comply with the order but did not do so. *Peery v. City of Miami*, 977 F.3d 1061, 1076-77 (11th Cir. 2020). A court may make a finding of civil contempt without an evidentiary hearing where there are no disputed material facts. *See Mercer v. Mitchell*, 908 F.2d 763, 769 n.11 (11th Cir. 1990) ('[W]hen there are no disputed factual matters that require an evidentiary hearing, the court might properly dispense with the hearing prior to finding the defendant in contempt and sanctioning him.'); *see also Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Olympia Holding Corp.*, 140 F. App'x 860, 865 (11th Cir. 2005).
>
> In addition, as the order that Best-Lock purportedly disobeyed is in connection with a judgment, Federal Rule of Civil Procedure 70(e) provides that when a party disobeys a lawful order, a district court may 'hold the disobedient party in contempt.' Fed. R. Civ. P. 70(e); *see also TracFone Wireless, Inc. v. Holden Prop. Servs., LLC*, 103 F. Supp. 3d 1357, 1360 (S.D. Fla. 2015) (Moore, J.) (cleaned up)."

3. This Honorable Court's Order Compelling Fee Discovery is valid, lawful, clear and unambiguous.

4. To date, despite having the ability to do so, Defendants, Premier and Jorge Hane, have failed to comply with this Honorable Court's Order Compelling Fee Discovery. Accordingly, Plaintiff/Judgment Creditor AMJ respectfully requests that this Honorable Court issue an order to show cause why Defendants Premier and Jorge Hane should not be held in contempt of this Honorable Court for their failure to comply with this Honorable Court's Order Compelling Fee Discovery.

5. There is a hearing scheduled for August 4, 2025, at 2:00 p.m. on this Honorable Court's Order to Show Cause (ECF No. 642) relating to Defendant Jorge Hane's and Defendant Premier's failure to comply with an Order entered by this Honorable Court on February 24, 2025, requiring them to complete fact information sheets, including all required attachments, and serve same on Plaintiff AMJ's undersigned counsel by March 26, 2025. (ECF No. 618).

6. Plaintiff AMJ respectfully requests that this Honorable Court also address Defendant Jorge Hane's and Defendant Premier's noncompliance with this Honorable Court's Order Compelling Fee Discovery at the hearing on August 4, 2025, as this fee discovery that Defendants, Jorge Hane and Premier, have failed to produce is material to this Honorable Court's adjudication of Plaintiffs' motion for fees and the evidentiary hearing on same scheduled for August 7, 2025, at 9:00 a.m. *See* ECF No. 648.

7. In light of the foregoing and in the interest of judicial economy, Plaintiff AMJ respectfully requests an expedited ruling from this Honorable Court on the instant motion by **Thursday, July 31, 2025**.

8. In addition, Defendants, Premier and Jorge Hane's failure to comply with this Honorable Court's Order Compelling Fee Discovery has caused Plaintiff/Judgment Creditor AMJ

to incur attorneys' fees in seeking the enforcement of same, and will cause this Honorable Court to expend time and resources in adjudicating the instant motion. As a result, Plaintiff/Judgment Creditor AMJ respectfully requests that this Honorable Court: a) award it attorney's fees incurred in seeking the enforcement of this Honorable Court's Order Compelling Fee Discovery, including but not limited to attorney's fees incurred in filing this motion; and b) impose a coercive daily dine against Defendants Premier and Jorge Hane, payable to Plaintiff/Judgment Creditor AMJ, until Defendants Premier and Jorge Hane fully comply with this Honorable Court's Order Compelling Fee Discovery. *See Citronelle–Mobile Gathering, Inc. v. Watkins*, 943 F.2d 1297, 1304 (11th Cir.1991) ("The district court [has] numerous options, among them: a coercive daily fine, a compensatory fine, attorney's fees and expenses ..., and coercive incarceration."); *see also PlayNation Play Systems, Inc. v. Velex Corporation*, 939 F.3d 1205, 1212 (11th Cir. 2019) ("…this Court has long held that no willful or intentional violation of a court order is required for attorneys' fees to be granted as a contempt sanction.").

WHEREFORE, Plaintiff/Judgment Creditor, AMJ Misil AB LLC, by and through its undersigned counsel, respectfully requests that this Honorable Court grant its instant motion and the relief requested herein, along with such further relief as this Honorable Court deems just, equitable, and proper.

## LOCAL RULE 7.1(A)(2) CERTIFICATION

Prior to filing this motion, Plaintiff/Judgment Creditor AMJ's undersigned counsel sent written communication to Defendants, Jorge Hane and Premier, regarding same. As of the time of the filing of this motion, Plaintiff/Judgment Creditor AMJ's undersigned counsel had not received a response to its written communication from Defendants, Jorge Hane or Premier. *See* Exhibit "A" and Exhibit "B" attached hereto.

Respectfully submitted,

| | |
|---|---|
| **IAG LAW, PLLC** | **HEVIA LAW FIRM** |
| 5115 Maryland Way | Of Counsel to IAG LAW, PLLC |
| Suite 65 | 2525 Ponce De Leon Blvd. |
| Brentwood, Tennessee 37027 | Suite 300 |
| Telephone: 615-933-5170 | Coral Gables, Florida 33134 |
| | Telephone: 786-441-5120 |
| /s/ I. Albert Gonzalez | |
| I. Albert Gonzalez, Esq. | /s/ Anthony C. Hevia |
| FBN: 695971 | Anthony C. Hevia, Esq. |
| Email: iag@iaglawpllc.com | FBN: 41148 |
| | Email: anthony@hevialawfirm.com |
| | Email: susy@hevialawfirm.com |

## CERTIFICATE OF SERVICE

I hereby certify that on July 23, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served on Defendants this 23rd day of July, 2025, at:

1) jorge@jorgehane.com;

2) haneflorencia@gmail.com;

3) florencia@becauseitworks.com;

4) georgehane@premierbeautyandhealth.com;

5) operations@premierbeautyandhealth.com; and

6) florencia@premierbeautyandhealth.com

/s/ I. Albert Gonzalez
I. Albert Gonzalez, Esq.

   **EXHIBIT "A"**

Re: AMJ Misil AB LLC / Silberman v. Premier Beauty and Health LLC, et al. (Case No. 20-cv-21981-DPG) - Court Order (ECF No. 647)

| | |
|---|---|
| From | I. Albert Gonzalez, Esq. <iag@iaglawpllc.com> |
| Date | Tue 7/22/2025 6:52 PM |
| To | jorge@jorgehane.com <jorge@jorgehane.com> |
| Cc | Anthony Hevia <anthony@hevialawfirm.com>; Suzette Arrese <susy@hevialawfirm.com>; IAG LAW PLLC <assist@iaglawpllc.com> |

Mr. Hane:

Please be advised that you <u>have not</u> complied, in any respect, with the Court's Order on February 24, 2025 (ECF No. 618), which is the subject of the Court's Order to Show Cause entered on July 1, 2025 (ECF No. 642), which was served on you by Ms. Arrese on July 3, 2025. Your response to the Court's Order to Show Cause (ECF No. 645), states in pertinent part, as follows:

**"On June 20, 2025, I sent an email (ATTACHED) to Plaintiffs' counsel with a link to 65 files/folders containing materials I believed constituted the outstanding discovery."**

The 65 files (totaling 304 pages) that you sent us on June 20, 2025, do not comply with the Court's Order docketed as ECF No. 618, nor the Court's Order to Show Cause (ECF No. 642), in any way. The 65 files you sent us, presumably in response to the Court's Order granting in part Plaintiff's motion to compel (order docketed as ECF No. 638) with respect to Plaintiff's Post Judgment Request for Production served on you through your former counsel, Marlon Weiss, Esq. and Richard C. Wolfe, Esq., on August 5, 2024, were neither produced as kept in the usual course of business nor were they organized and labeled to correspond with the categories in Plaintiffs' post-judgment request for production to you, which contains 95 document requests. Moreover the 65 files that you produced in disorganized fashion, which are only partially responsive to two (2) of Plaintiff's requests (i.e., request nos. 30 and 46), comprise the following:

<u>**65 total bank/credit card statements produced by Jorge Hane**</u>

███████ <u>**Checking Account Statements for Account Ending in**</u> ███

<u>**(Florencia Hane and Jorge Hane)**</u>

1. Statement Period: Dec 26 - Jan 22, 2018

2. Statement Period: Jun 25 - Jul 22, 2018

3. Statement Period: Jul 23 - Aug 22, 2018

4. Statement Period: Aug 23 - Sep 23, 2018

5. Statement Period: Sep 24 - Oct 22, 2018

6. Statement Period: Oct 23 - Nov 22, 2018

7. Statement Period: Nov 23 - Dec 23, 2018

8. Statement Period: Jan 23 - Feb 24, 2019

9. Statement Period: Feb 25 - Mar 24, 2019

10. Statement Period: Mar 25 - Apr 22, 2019

11. Statement Period: Apr 23 - May 22, 2019

12. Statement Period: May 23 - Jun 23, 2019

13. Statement Period: Jun 24 - Jul 22, 2019

14. Statement Period: Jul 23 - Aug 22, 2019

15. Statement Period: Aug 23 - Sep 22, 2019

16. Statement Period: Sep 23 - Oct 22, 2019

17. Statement Period: Oct 23 - Nov 24, 2019

18. Statement Period: Nov 25 - Dec 22, 2019

19. Statement Period: Dec 23 - Jan 22, 2020

20. Statement Period: Jan 23 - Feb 23, 2020

21. Statement Period: Feb 24 - Mar 22, 2020

22. Statement Period: Mar 23 - Apr 22, 2020

23. Statement Period: Apr 23 - May 25, 2020

24. Statement Period: May 26 - Jun 22, 2020

25. Statement Period: Jun 23 - Jul 22, 2020

26. Statement Period: Jul 23 - Aug 23, 2020

27. Statement Period: Aug 24 - Sep 22, 2020

28. Statement Period: Sep 23 - Oct 22, 2020

29. Statement Period: Oct 23 - Nov 22, 2020

30. Statement Period: Nov 23 - Dec 22, 2020

**▮▮▮▮▮▮▮▮▮ Statements (Florencia Hane – Checking Account ending in ▮▮▮▮)**

**Statement Periods**

1. December 22, 2018 to January 24, 2019

2. January 25, 2019 to February 21, 2019

3. February 22, 2019 to March 22, 2019

4. March 23, 2019 to April 23, 2019

5. April 24, 2019 to May 23, 2019

6. May 24, 2019 to June 21, 2019

7. June 22, 2019 to July 24, 2019

8. July 25, 2019 to August 23, 2019

9. August 24, 2019 to September 23, 2019

10. September 24, 2019 to October 24, 2019

11. October 25, 2019 to November 21, 2019

12. November 22, 2019 to December 23, 2019

**CREDIT CARD STATEMENTS (JORGE HANE)**

**(JORGE HANE- CREDIT CARD – ACCOUNT ENDING IN ▓▓▓)**

**Statement Periods**

1. 1/11/19 – 2/10/19

2. 2/11/19 – 3/10/19

**(JORGE HANE- CREDIT CARD – ACCOUNT ENDING IN ▓▓▓)**

**Statement Periods**

1. 3/11/19-4/10/19

2. 4/11/19-5/10/19

3. 5/11/19 – 6/10/19

4. 6/11/19 – 7/10/19

**(JORGE HANE- CREDIT CARD – ACCOUNT ENDING IN ▓▓▓)**

**Statement Periods**

1. 1/11/20 - 2/10/20

2. 2/11/20 – 3/10/20

3. 3/11/20 – 4/10/20

4. 4/11/20 – 5/10/20

5. 5/11/20 – 6/10/20

6. 6/11/20 – 7/10/20

7. 7/11/20 - 8/10/20

8. 8/11/20 – 9/10/20

9. 9/11/20 – 10/10/20

10. 10/11/20 – 11/10/20

11. 11/11/20 – 12/10/20

**(JORGE HANE- CREDIT CARD – ACCOUNT ENDING IN ▉ )**

**Statement Periods**

1. 7/11/19 – 8/10/19

2. 8/11/19- 9/10/19

3. 9/11/19 – 10/10/19

4. 10/11/19 – 11/10/19

5. 11/11/19 – 12/10/19

6. 12/11/19 – 1/10/20

Please produce all documents responsive to Plaintiff's AMJ requests that you indicated you would produce as set forth in your response to Plaintiff's post-judgment request for production to you (served on Plaintiff's counsel on December 2, 2024), along with an amended response to Plaintiff's post-judgment request, by **Tuesday, July 29, 2025**. Please produce the documents as kept in the usual course of business or organized and labeled to correspond with the categories in Plaintiff's post-judgment request for production to you. Plaintiff AMJ intends to seek relief from the Court as it relates to a number of your initial responses that set forth objections (i.e., response nos. 12, 36, 52, 67, 80, 85, and 86). Please advise by **Tuesday, July 29, 2025**, whether you agree to withdraw your objections to those requests and produce all responsive documents. We will wait until Wednesday July 30, 2025, to determine the scope of relief that Plaintiff AMJ will be requesting from the Court regarding Plaintiff's post-judgment request for production to you and the Court's order thereon (see ECF No. 638).

That being said, your belief that you have complied in any way with the Court's aforementioned orders is completely erroneous. Aside from failing to produce the fact information sheet and all required attachments, as ordered by the Court, you also failed to show cause why AMJ's reasonable costs, including attorneys' fees, incurred as a result of Defendants' contemptuous conduct should not be shifted pursuant to Federal Rule of Civil Procedure 37(b)(2)(C). We continue to remind you that you have an obligation to comply with the Court's orders. In that regard, please be advised that Plaintiffs will be filing another motion for order to show cause for your failure to comply with the order entered by the Court on June 4, 2025, docketed as ECF No. 639, which states as follows:

**"PAPERLESS ORDER granting Plaintiff's [622] Motion to Compel Answers, Without Objections, To Post-Judgment Discovery Requests. Plaintiff's Motion represents that Defendants Premier Beauty and Health LLC, Jorge Hane, and Florencia Hane were served with post-judgment discovery requests and that Defendants have entirely failed to respond. Defendants have not filed a response in opposition and the time to do so has lapsed. As such, Plaintiff's representations are unrefuted. Accordingly, and because they failed to respond within the time afforded by Federal Rule of Civil Procedure 34, Defendants SHALL, within 14 days of this Order, serve responses and responsive documents to Plaintiff's requests WITHOUT asserting any objections. This does not preclude Defendants' proper assertion of privilege to any request, if applicable."**

We reiterate that you have completely failed to comply with the Court's orders docketed as ECF No. 618, ECF No. 639 and the Court's Order to Show Cause docketed as ECF No. 642. It is your responsibility to review the Court's orders and comply with requirements therein. Please govern yourself accordingly.

As required by the Court's order docketed as ECF No. 647, Plaintiffs will be filing a supplemental response no later than July 24, 2025, advising the Court of the foregoing.

Kindest regards,

I. Albert Gonzalez, Esq.
Attorney & Counselor at Law



5115 Maryland Way
Suite 65
Brentwood, TN 37027
P: (615) 933-55170

This communication contains information belonging to IAG LAW, PLLC that is confidential and/or legally privileged. The information is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of said information is strictly prohibited. If you have received this communication by error, please delete it from your computer and notify us immediately.

To ensure compliance with Treasury Department regulations, we inform you that to the extent that this message (including any attachments) contains any U.S. Federal tax advice, this advice is not intended or written to be used, and cannot be used, for the purpose of avoiding taxes, interest and/or penalties that may be imposed under the U.S. Internal Revenue Code and corresponding Treasury Regulations, except with the express prior written consent of IAG LAW, PLLC. No portion hereof (including any attachments) may be used to promote or recommend to another party a transaction or matter addressed herein as it relates or may relate in any way to any U.S. Federal tax advice. The foregoing disclosure is intended to comply with the requirements of IRS circular 230 and is not meant to imply that tax advice is being rendered in this communication by IAG LAW, PLLC. IAG LAW, PLLC does not render tax advice except when specifically engaged to do so.



**EXHIBIT "B"**

---

Re: AMJ Misil AB LLC / Silberman v. Premier Beauty and Health LLC, et al. (Case No. 20-cv-21981-DPG) - Court Order (ECF No. 647)

---

| | |
|---|---|
| **From** | I. Albert Gonzalez, Esq. <iag@iaglawpllc.com> |
| **Date** | Tue 7/22/2025 6:55 PM |
| **To** | georgehane@premierbeautyandhealth.com <georgehane@premierbeautyandhealth.com>; operations@premierbeautyandhealth.com <operations@premierbeautyandhealth.com>; florencia@premierbeautyandhealth.com <florencia@premierbeautyandhealth.com> |
| **Cc** | Anthony Hevia <anthony@hevialawfirm.com>; Suzette Arrese <susy@hevialawfirm.com>; IAG LAW PLLC <assist@iaglawpllc.com> |

Premier Beauty and Health LLC representative:

Please be advised that Premier Beauty and Health LLC ("Premier") has not complied, in any respect, with the Court's Order on February 24, 2025 (ECF No. 618), which is the subject of the Court's Order to Show Cause entered on July 1, 2025 (ECF No. 642), which was served on Premier by Ms. Arrese on July 3, 2025.

Premier also failed to comply with the Court's Order granting in part Plaintiff's motion to compel (order docketed as ECF No. 638) with respect to Plaintiff's Post Judgment Request for Production served on you through your former counsel, Marlon Weiss, Esq. and Richard C. Wolfe, Esq., on August 5, 2024. Pursuant to said order, Premier was required to produce all documents responsive to Plaintiff's requests by no later than June 20, 2025.

Please produce all documents responsive to Plaintiff's AMJ requests as required by the Court's order (ECF No. 638), along with an amended response to Plaintiff's post-judgment request for production to Premier, by **Tuesday, July 29, 202**5. Please produce the documents as kept in the usual course of business or organized and labeled to correspond with the categories in Plaintiff's post-judgment request for production to Premier. Plaintiff AMJ intends to seek relief from the Court as it relates to a number of Premier's initial responses that set forth objections (i.e., response nos. 31 and 65). Please advise by **Tuesday, July 29, 2025**, whether Premier agrees to withdraw its objections to those requests and produce all responsive documents. We will wait until Wednesday July 30, 2025, to determine the scope of relief that Plaintiff AMJ will be requesting from the Court regarding Plaintiff's post-judgment request for production to Premier and the Court's order thereon (see ECF No. 638).

That being said, aside from failing to produce the fact information sheet and all required attachments, as ordered by the Court (ECF Nos. 618 and 642), Premier has also failed to show cause why AMJ's reasonable costs, including attorneys' fees, incurred as a result of Defendants' contemptuous conduct should not be shifted pursuant to Federal Rule of Civil Procedure 37(b)(2)(C). We continue to remind you that Premier has an obligation to comply with the Court's orders. In that regard, please be advised that Plaintiffs will be filing another motion for order to show cause for Premier's failure to comply with the order entered by the Court on June 4, 2025, docketed as ECF No. 639, which states as follows:

**"PAPERLESS ORDER granting Plaintiff's [622] Motion to Compel Answers, Without Objections, To Post-Judgment Discovery Requests. Plaintiff's Motion represents that Defendants Premier Beauty and Health LLC, Jorge Hane, and Florencia Hane were served with post-judgment discovery requests and that Defendants have entirely failed to respond. Defendants have not filed a response in opposition and the time to do so has lapsed. As such, Plaintiff's representations are**

**unrefuted. Accordingly, and because they failed to respond within the time afforded by Federal Rule of Civil Procedure 34, Defendants SHALL, within 14 days of this Order, serve responses and responsive documents to Plaintiff's requests WITHOUT asserting any objections. This does not preclude Defendants' proper assertion of privilege to any request, if applicable."**

We reiterate that Premier has completely failed to comply with the Court's orders docketed as ECF No. 618, ECF No. 638, ECF No. 639, and the Court's Order to Show Cause docketed as ECF No. 642. It is Premier's responsibility to review the Court's orders and comply with requirements therein. Premier must govern itself accordingly.

As required by the Court's order docketed as ECF No. 647, Plaintiffs will be filing a supplemental response no later than July 24, 2025, advising the Court of the foregoing.

Kindest regards,

I.  Albert Gonzalez, Esq.
Attorney & Counselor at Law



5115 Maryland Way
Suite 65
Brentwood, TN 37027
P: (615) 933-55170

This communication contains information belonging to IAG LAW, PLLC that is confidential and/or legally privileged.  The information is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of said information is strictly prohibited. If you have received this communication by error, please delete it from your computer and notify us immediately.

To ensure compliance with Treasury Department regulations, we inform you that to the extent that this message (including any attachments) contains any U.S. Federal tax advice, this advice is not intended or written to be used, and cannot be used, for the purpose of avoiding taxes, interest and/or penalties that may be imposed under the U.S. Internal Revenue Code and corresponding Treasury Regulations, except with the express prior written consent of IAG LAW, PLLC.  No portion hereof (including any attachments) may be used to promote or recommend to another party a transaction or matter addressed herein as it relates or may relate in any way to any U.S. Federal tax advice.  The foregoing disclosure is intended to comply with the requirements of IRS circular 230 and is not meant to imply that tax advice is being rendered in this communication by IAG LAW, PLLC.  IAG LAW, PLLC does not render tax advice except when specifically engaged to do so.